UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FELIX PRODUCE CORP.,

                        Plaintiff,

        -against-

NEW LOTS FOOD CORP., d/b/a
BRAVOS SUPERMARKET, et al.,

                       Defendants.
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 08-5161(JS)(ARL)

**LINDSAY, Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Seybert for a report and recommendation as to whether plaintiff Felix Produce Corp's ("Felix") motion for a default judgment against defendants New Lots Food Corp. ("New Lots") d/b/a Bravos Supermarket and Jerry Choez ("Choez") should be granted, and to determine the appropriate amount of damages, costs and/or fees, if any, to be awarded based upon such determination. Pursuant to the undersigned's order, Felix has submitted declarations, exhibits and a memorandum of law in support of its claim. Neither New Lots nor Choez have submitted any opposition papers. Although Felix's complaint named Krasdale Foods, Inc. ("Krasdale") as an additional defendant, the district court granted the parties' stipulation of dismissal as to all claims against this defendant. Based upon the evidence submitted and for the reasons set forth below, the undersigned recommends that the motion be granted in part and denied in part without prejudice, and that a default judgment be entered against New Lots and Choez jointly and severally in the amount of $30,549.70 plus interest to be calculated at the annual rate of 2.57%.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The plaintiff must only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159. In lieu of an evidentiary hearing, a court may rely upon detailed affidavits and documentary evidence in determining an appropriate award of damages. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

**I.     Liability**

Felix brought this action against New Lots and Choez under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. "[A] PACA trust is automatically established each time a broker or merchant purchases perishable commodities upon credit . . . ." *D.M. Rothman & Co. v. Korea Comm. Bank of N.Y.*, 411 F.3d 90, 96 (2d Cir. 2005). "Agriculture regulations pursuant to PACA require PACA trustees 'to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers . . . .'" *Bonell Produce Co. Inc. v. Chloe Foods, Inc.*, No. 08-CV-4218 (FB)(CLP), 2008 WL 4951942, at *2 (E.D.N.Y. Nov. 19, 2008) (quoting 7 C.F.R. § 46.46(d)(1)). Provided that an unpaid seller

provides written notice, such unpaid sellers "maintain a right to recover" trust assets. *See Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1067 (2d Cir. 2001) (citing 7 U.S.C. § 499e(c)(1)) (other citations omitted). Furthermore, "[a]n individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705-06 (2d Cir. 2007) (collecting cases).

In pertinent part, Felix's complaint asserts that New Lots is a "dealer" as defined by PACA which has failed to maintain a statutory trust over food commodities that it received and accepted from Felix. (Compl. ¶¶ 7, 9, 13-21.) Felix also alleges that it complied with PACA's notice provisions by provided New Lots with written invoices. (*Id*. ¶¶ 23-24.) The complaint further asserts that Choez is an officer of New Lots and was the person in control and responsible for the disposition of Felix's assets. (*Id*. ¶ 6.) Felix thus claims that it is entitled under PACA to recover the unpaid and overdue amount owed by New Lots and Choez. (*Id.* ¶¶ 28-35.) By virtue of the well-pleaded factual allegations in the complaint which are deemed true by virtue of New Lots and Choez's default, the undersigned finds that Felix has established joint and several liability under PACA against New Lots and Choez.

## II. Damages

Felix seeks an award of damages of unpaid principal of $30,549.70, plus interest and attorneys' fees. In support of the amount of principal that it seeks, Felix has submitted an affidavit of its owner Felix Ceballos as well as invoices and receipts detailing produce that was provided to New Lots from July to September 2008. The undersigned has reviewed these submissions and agrees that Felix has established a basis to recover $30,549.70, which equals the

amount of unpaid principal owed to Felix in exchange for the produce provided and delivered to New Lots and Choez.

Felix also seeks an award of pre-judgment interest at the rate of 9% per annum pursuant to N.Y. C.P.L.R. §§ 5001, 5004. Although "PACA does not itself create a right to prejudgment interest, . . . [t]he Second Circuit has held that courts have broad discretion to award pre-judgment interest to PACA claimants." *S. Katzman Produce, Inc. v. Won*, No. CV 08-2403 (KAM)(VVP), 2009 WL 2448408, at *5 (E.D.N.Y. Aug. 7, 2009) (citations and internal quotation marks omitted). Courts in this district typically look to contractual provisions contained in invoices to determine the appropriate award of interest. *See, e.g.*, *id.*; *Georgallas Banana Distributors of New York, Inc. v. N & S Tropical Produce, Inc.*, No. CV 07-5093 (ST)(RER), 2008 WL 2788410, at ** 4-6 (E.D.N.Y. July 15, 2008). Where a contractual provision does not provide for a specified interest rate, courts have deemed it appropriate to award interest under 28 U.S.C. § 1961(a), which is the rate used by the U.S.D.A. in issuing reparation orders . *See Argi Exotic Trading, Inc. v. New Man Designed Sys., Ltd.*, No. CV 07-49 (NG)(MDG), 2008 WL 2397565, at *4 (E.D.N.Y. June 12, 2008) (Go, Mag. J.) (interest at annual rate of 5.07% deemed appropriate). In doing so, the court used the same date to calculate the interest rate as utilized by the U.S.D.A., which was 20 days after acceptance of the first shipment. *Id*. The interest rates under 28 U.S.C. § 1961(a) are typically well below the statutory rate of 9% under N.Y. C.P.L.R. §§ 5001, 5004. *See* http://www.utd.uscourts.gov/documents/int2008.html.

Given that the calculation of prejudgment interest rate proscribed in *Argi Exotic Trading* is utilized by the U.S.D.A. and has already been deemed an appropriate calculation method in

4

this district, the undersigned finds that a similar calculation is warranted herein. Using the same method to calculate the date from which to calculate interest, Felix provided defendants with its first notice under PACA on June 2, 2009, which means that prejudgment interest should be calculated as of June 22, 2009. Under 28 U.S.C. § 1961(a), the interest rate is 2.57% as of June 22, 2009. *See* http://www.utd.uscourts.gov/documents/int2008.html. Accordingly, the undersigned recommends that Felix is entitled to prejudgment interest at the annual rate of 2.57%.

Finally, Felix seeks an award of attorneys' fees and costs. Although "PACA does not entitle a trust beneficiary to an award of attorneys' fees . . ., courts in this Circuit have awarded attorneys' fees where there is a contractual basis for their recovery." *John Georgallas*, 2008 WL 2788410, at *6. Felix's invoices provide that it is entitled to such attorneys' fees and costs. Felix has thus shown a basis for such an award. Further, Felix has submitted contemporaneous time records in compliance with the requirements in this Circuit. *See New York State Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). However, in determining the appropriateness of an award of attorneys' fees, courts must always "bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate," which is "the rate a paying client would be willing to pay." *Arbor Hill Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182 (2d Cir. 2008). Although Felix is entitled to an award of attorneys' fees costs, its application is deficient for two reasons. First, it does not describe the qualifications of the attorneys and staff who worked on this action such that the court may make a determination whether their hourly rates are presumptively reasonable. Second, the application does not separate work done in

furtherance of claims against New Lots and Choez, as opposed to work done in furtherance of claims against Krasdale, which ended in a stipulation of dismissal. Accordingly, the undersigned recommends that Felix's motion for attorneys' fees and costs be denied without prejudice to renew upon such a showing.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that a default judgment be entered against New Lots and Choez jointly and severally in the amount of $30,549.70 plus interest to be calculated at the annual rate of 2.57%. The undersigned further recommends that Felix's motion for attorneys' fees and costs be denied without prejudice to renew upon such a showing of: (1) the qualifications of the attorneys and staff who worked on this action; and (2) a calculation of the time records detailing only work effectuated for claims against New Lots and Choez. Felix is directed to serve a copy of this report and recommendation upon New Lots and Choez, and to file proof of service on ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      August 24, 2009

                                                            /s/
                                        ARLENE R. LINDSAY
                                        United States Magistrate Judge