```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FELIX PRODUCE CORP.,

                    Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       08-CV-5161 (JS)(ARL)
NEW LOTS FOOD CORP., d/b/a
BRAVOS SUPERMARKET, and JERRY CHOEZ,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Jamie C. Krapf, Esq.
                    Timothy J. Fierst, Esq.
                    Crowell & Moring LLP
                    153 East 53rd Street, 31st Floor
                    New York, NY 10022-4611

For Defendants:     No appearance
```

SEYBERT, District Judge:

  Pending before the Court is Plaintiff's motion for attorney's fees and costs. For the reasons that follow, the Court GRANTS Plaintiff's motion.

## BACKGROUND

  On December 23, 2008, Plaintiff filed its Complaint against New Lots and Choez pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. "[A] PACA trust is automatically established each time a broker or merchant purchases perishable commodities upon credit . . . ." <u>D.M. Rothman & Co. v. Korea Comm. Bank of N.Y.</u>, 411 F.3d 90, 96 (2d Cir. 2005). Under PACA, trustees are required "'to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers . . . .'" <u>Bonell Produce Co. Inc. v. Chloe</u>

Foods, Inc., No. 08-CV-4218, 2008 WL 4951942, at *2 (E.D.N.Y. Nov. 19, 2008) (quoting 7 C.F.R. § 46.46(d)(1)). Provided that an unpaid seller provides written notice, such unpaid sellers "maintain a right to recover" trust assets. See Endico Potatoes, Inc. v. CIT Group/Factoring, Inc., 67 F.3d 1063, 1067 (2d Cir. 2001) (citing 7 U.S.C. § 499e(c)(1)) (other citations omitted). Furthermore, "[a]n individual who is in a position to control the assets of the PACA trust and fails to preserve them, may be held personally liable to the trust beneficiaries for breach of fiduciary duty." Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 705-06 (2d Cir. 2007) (collecting cases).

The Complaint asserts that New Lots is a "dealer" which has failed to maintain a statutory trust over food commodities. (Compl. ¶¶ 7, 9, 13-21.) Felix also alleges that it complied with PACA's notice provisions by provided New Lots with written invoices. (Id. ¶¶ 23-24.) The Complaint also asserts that Choez is an officer of New Lots and was the person in control and responsible for the disposition of Felix's assets. (Id. ¶ 6.) Felix thus claims that it is entitled under PACA to recover the unpaid and overdue amount owed by New Lots and Choez. (Id. ¶¶ 28-35.).

Defendants have not appeared in this case, or filed an Answer. On February 25, 2009, Plaintiff filed a motion for entry of Default, which this Court referred to Magistrate Arlene R.

2

Lindsay on March 24, 2009. Judge Lindsay issued a Report and Recommendation ("R&R") on August 24, 2009. On September 14, 2009, this Court issued an Order adopting the R&R in its entirety, and DENYING Plaintiff's application for attorney's fees and costs with leave to re-file because Plaintiff failed to submit the required evidence to support the application. On September 17, 2009, Plaintiff re-filed its motion for attorney's fees and costs.

DISCUSSION

I. Lodestar Approach for Calculating Attorneys' Fees

Courts in the Second Circuit apply the lodestar approach to calculating attorney's fees. In re W. R. Huff Asset Management Co., LLC, 409 F.3d 555, 562 (2d Cir. 2005); Bourgal v. Lakewood Haulage, Inc., 827 F. Supp. 126, 129 (E.D.N.Y. 1993). "According to this method, the number of compensable hours is multiplied by a reasonable hourly rate, and any necessary adjustments are then made to the resulting amount." Meehan v. Gristede's Supermarkets, Inc., No. 95-CV-2104, 1997 WL 1097751, at *5 (E.D.N.Y. Sept. 25, 1997).

In calculating the lodestar rate, the district court must ascertain whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053,

1058-59 (2d Cir. 1989). "If the Court finds that certain claimed hours are excessive, redundant, or otherwise unnecessary, the Court should exclude those hours from its lodestar calculation." Duke v. County of Nassau, No. 97-CV-1495, 2003 WL 23315463, at *1 (E.D.N.Y. Apr. 14, 2003).

The party seeking an award of attorneys' fees must support that request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done." N.Y. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983); see Musical Productions, Inc. v. Roma's Record Corp., No. 05-CV-5903, 2009 WL 3052630, at * 9 (E.D.N.Y. Sept. 23, 2009). To aid in the Court's inquiry, the moving party should also submit evidence addressing the various factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir. 2009) (stating that district courts may consider the Johnson factors).

II. Evidence in this Case

In support of its motion in this action, Plaintiff submitted the Declaration of Timothy J. Fierst ("Fierst") ("Declaration" or "Decl."). Fierst, along with Jamie C. Krapf ("Krapf") were the attorneys principally responsible for the prosecution of this action. Fierst has been a member of the Bar of this Court since October 25, 1991 and is counsel to the firm of

4

Crowell & Moring LLP. He has considerable experience litigating financial matters in state and federal court, and currently has an hourly rate of $545 per hour; however, according to the Affidavit, he has billed his time in this action at the rate of $495.00 per hour. (Fierst Decl. ¶¶ 3-4.) Krapf, is an associate of the firm, and was admitted to practice in 2004, and has been a member of the Bar of this Court since 2007. The Declaration states that Krapf "too, has litigated all aspects of financial matters in state and federal court and has assisted me in the representation of supermarket owners and produce distributors." (Fierst Decl. ¶ 5.) Additionally, although Krapf has been practicing for thirteen years less than Fierst, the Declaration states Krapf's general hourly rate as $525 per hour; however, her time has been billed at the rate of $485.00 per hour in this action. (Id.) Celeste Hernandez ("Hernandez") is one of two paralegals working on this matter. She has more than five years of general litigation experience, and an hourly billable rate of $195.00 per hour. Melissa Peoples is the other paralegal working on the matter. She has ten years of financial services litigation experience, and has an hourly rate that ranges between $205-215 per hour. Based on those rates, and the contemporaneous time records submitted, Plaintiff's assert that they are entitled to attorneys' fees in the sum of $3,821.00 and costs in this action in the sum of $472.40.

   In this case, Plaintiff seeks attorneys' fees and costs

for a somewhat standard default judgment motion.  Although the number of hours expended by counsel appear to be reasonable, the hourly rates contained in the Declaration cause the Court some concern.  Courts in this district have awarded attorney's fees at lesser rates of $200 to $300 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates and approximately $100 for paralegals, see, e.g, Morin v. Nu-Way Plastering, No. 03-CV-0405, 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005). Although these rates are somewhat outdated, they remain instructive.

Because the firm has not provided any evidence of the prevailing market rates in this District, the Court has researched the prevailing market rates in the Eastern District of New York. Perhaps most helpful, was Judge Joseph Bianco's decision in Melnick v. Press, No. 06-CV-6686, 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009). Although Melnick dealt with a real property dispute, the long list of cases cited by the court are extremely informative. See id. at *9-10 (citing, for example, Moreno v. Empire City Subway Co., No. 05-CV-7768, 2008 WL 793605, at *7 (S.D.N.Y. Mar. 26, 2008) (finding that, where the fee applicant "has submitted no evidence of the prevailing market rate for attorneys of like skill litigating cases similar to plaintiff's, i.e. negligence and personal injury cases . . . it is within [the court's] discretion to determine the reasonable hourly rate at which plaintiffs counsel

should be compensated based on [the court's] familiarity with plaintiff's case and the prevailing rates in the Southern District."); Alexander v. Amchem Products, Inc., No. 07-CV-6441, 2008 WL 1700157, at *7 (S.D.N.Y. Apr. 3, 2008) ("Other than Counsel's conclusory assertion that a $600 rate is 'reasonable,' he has failed to submit any case authority or other evidence in support of the reasonableness of the proffered rate. Thus, Counsel's submissions are of little help to the 'case-specific inquiry' that must be conducted by this Court regarding the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel.") (citations omitted); Moran v. Sasso, No. 05-CV-4716, 2009 WL 1940785, at *4 (E.D.N.Y. July 2, 2009) (holding that reasonable hourly rates have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70 to $80 for legal assistants); Duverger v. C & C Duplicators, Inc., No. 08-CV-0721, 2009 WL 1813229, at *2 (E.D.N.Y. June 25, 2009) ("Overall hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates and $70 to $80 for legal assistants.")). Based on Melnick and other cases, the Court finds that the hourly rate proffered by Plaintiff is higher than the prevailing rate in this District. In particular, the Court notes that the Melnick rates were calculated based on a matter more

7

complex than the one before this Court in this case.

Given the particular circumstances of the representation in this case, the range of appropriate billing rates is $200-$350 per hour for partners, $100-$295 per hour for associates, and $75-$120 for paralegals.  Thus, the Court determines that the following rates are appropriate and reasonable in this case: $250 per hour for Krapf's work, and $350 per hour for Fierst's work.  Additionally, People's hourly rate shall be reduced to $85 per hour, and Hernandez's rate shall be reduced to $120 per hour.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is GRANTED.  Plaintiff is entitled to attorneys' fees in the amount of $2,372.50 and costs in the amount of $472.40 for a total award of $2,844.90.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October  9 , 2009
         Central Islip, New York